# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

**COLE JOHN DAUGHENBAUGH**                                                     **PETITIONER**

**2:17CV00124 JM/PSH**

**G. BEASLEY, Warden,**
**Forrest City Low**                                                                                  **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Cole John Daughenbaugh ("Daughenbaugh") seeks relief pursuant to 28 U.S.C. § 2241. Daughenbaugh is in federal custody and housed at Forrest City, Arkansas. Although he does not indicate the crime or when he was convicted, he states he was sentenced in federal court in Iowa. He challenges his public service factor ("PSF") designation, and alleges he has fully exhausted his administrative remedies prior to filing this lawsuit. He claims his PSF designation is erroneous because the Bureau of Prisons ("BOP") based its determination on information contained in a pre-sentence report "loaded with hearsay & testimony (out of court) from a third party." Docket entry no. 1, page 7. Respondent G. Beasley ("Beasley"), the warden at the Forrest City institution,

1

contends the petition should be dismissed.

We recommend dismissal of this petition for two reasons.

First, section 2241 is not the proper avenue by which to challenge a PSF designation. Daughenbaugh does not allege that his PSF designation has any bearing on the length or execution of his sentence. Instead, it appears that Daughenbaugh is challenging the conditions of his confinement. Section 2241 is reserved for challenging the constitutionality of one's confinement or its duration. On the other hand, the conditions of confinement are properly challenged in an action brought under 42 U.S.C. § 1983. *See, e.g., Triplett v. Haynes,* 2014 WL 2946074 (E.D. Ark. June 30, 2014) (Order adopting Recommended Disposition); *Wilks v. Mundt*, 25 F. App'x 492, 2002 WL 113837 (8th Cir. 2002); *Bazuaye v. Tombone*, 275 F.3d 44 (5th Cir. 2001). Daughenbaugh seeks a recalculation of his security level rather than a recalculation of the duration of his confinement. This challenge to the condition of his confinement is not cognizable in a section 2241 action.

Second, even if we liberally construe this petition to be a claim that Daughenbaugh was denied due process, he is not entitled to relief. Not all BOP decisions activate a due process right. *See Meachum v. Fano*, 427 U.S. 215 (1976) (decision to transfer an inmate to a less desirable prison does not implicate a liberty interest within in the meaning of the due process clause). Prisoner classification and eligibility for rehabilitative programs in the federal system are areas where due process rights are not activated. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process. *Montanye v. Haymes,* 427 U.S. 236, 242 (1976) (Judicial oversight for a due process challenge is not proper so long "as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution.")

Daughenbaugh does not contend that his PSF designation creates an "atypical and significant

2

hardship on the inmate in relation to the ordinary incidents of prison life," so as to give rise to a constitutionally-protected liberty interest. *See Sandin v. Connor,* 515 U.S. 472, 484-86 (1995). His claim is simply that he believes prison officials erred in determining his designation. It follows that his due process challenge to his PSF designation is without merit.

For the reasons cited above, we recommend that the petition be dismissed, and the relief requested be denied with prejudice.

IT IS SO ORDERED this 16th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE